IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD M. FRIEDMAN,

    Plaintiff,   No. 2:09-cv-2599 GEB JFM PS

    vs.

FRANCINE CABRILLAS,   ORDER AND

    Defendant.   FINDINGS AND RECOMMENDATIONS

/

    Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

    Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    Plaintiff brings this civil rights action claiming defendant made false statements to the police, resulting in plaintiff being unlawfully jailed for four days.

    The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1

1  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
2  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
3  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
4  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
5  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
6  omits to perform an act which he is legally required to do that causes the deprivation of which
7  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
8  　　　　Here, plaintiff's girlfriend was not acting under color of state law, so plaintiff
9  cannot state a cognizable civil rights claim against defendant.
10 　　　　Moreover, plaintiff recites numerous California Penal Code Sections which he
11 claims defendant violated.
12 　　　　The decision to charge an individual with criminal violations is solely within the
13 discretion of the district attorney. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146
14 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or
15 nonprosecution of another."); Satler v. Johnson, 857 F.2d 224, 227 (4th Cir.1988) (neither
16 member of public at large nor victim has right to have another criminally prosecuted).
17 　　　　Because the California Penal Code Sections cited by plaintiff do not provide a
18 right to bring a private cause of action, these claims must also be dismissed.
19 　　　　While leave to amend must be freely given, the court is not required to allow
20 futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276,
21 1293 (9th Cir. 1983). See also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.
22 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). Because it
23 does not appear that plaintiff can amend the complaint to cure the defects herein, it would be
24 futile to grant plaintiff leave to amend. Thus, the complaint should be dismissed without leave to
25 amend.
26 /////

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in
2 forma pauperis is granted; and
3       IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
4 state a claim.
5       These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; friedman.56

3